UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ADAM KUBORN
W72 N408 Mulberry Avenue
Cedarburg, Wisconsin 53012

JOSEPH AND NANCY KUBORN
W72 N408 Mulberry Avenue
Cedarburg, Wisconsin 53012,

    Plaintiffs,

 vs.                 Case No.

CITY OF OSHKOSH
Pamela R. Ubrig, City Clerk
215 Church Avenue
Oshkosh, Wisconsin 54901

CITY OF OSHKOSH POLICE
DEPARTMENT
420 Jackson Street
Oshkosh, Wisconsin 54902

DEAN SMITH, City of Oshkosh
Chief of Police
c/o 420 Jackson Street
Oshkosh, Wisconsin 54902

SCOTT SOPATA, City of Oshkosh
Police Officer
c/o 420 Jackson Street
Oshkosh, Wisconsin 54902

BENJAMIN BOESE, City of Oshkosh
Police Officer
c/o 420 Jackson Street
Oshkosh, Wisconsin 54902

ANDREW LECKER, City of Oshkosh
Police Officer
c/o 420 Jackson Street
Oshkosh, Wisconsin 54902

CITY OF OSHKOSH
John Doe Police Officers
420 Jackson Street
Oshkosh, Wisconsin 54902

WINNEBAGO COUNTY
Sue Ertmer, County Clerk
112 Otter Avenue
Oshkosh, Wisconsin 54901

WINNEBAGO COUNTY SHERIFF'S
OFFICE
4311 Jackson Street
Oshkosh, Wisconsin 54901

JOHN MATZ, Winnebago County Sheriff
c/o 4311 Jackson Street
Oshkosh, Wisconsin 54901

JANE DOE, Winnebago County
Deputies and Jail Personnel
c/o 4311 Jackson Street
Oshkosh, Wisconsin 54901

       Defendants.

-------------------------------------------------------------------------------------------------------

## COMPLAINT

-------------------------------------------------------------------------------------------------------

Plaintiffs Adam Kuborn and his parents, Joseph and Nancy Kuborn, by their attorneys Gimbel, Reilly, Guerin & Brown LLP, for their complaint against defendants allege as follows:

## VENUE AND JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, for the wrongful pursuit, seizure, excessive use of force, detention and arrest of plaintiff Adam Kuborn, and for denying him prompt medical examination and necessary emergency medical care, all of which action was taken without a warrant and without probable cause.

2. Venue for this action properly lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b), because defendants are citizens of this District and a substantial part of the events giving rise to plaintiffs' claims occurred in this District.

3. Jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). This court also has supplemental jurisdiction over plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Adam Kuborn is an adult citizen and resident of the State of Wisconsin, residing at W72 N408 Mulberry Avenue, Cedarburg, Wisconsin 53012, who was a student at the University of Wisconsin, at the time he suffered life-threatening injuries caused by defendants.

5. Plaintiffs Joseph and Nancy Kuborn are adult citizens and residents of the State of Wisconsin, residing at W72 N408 Mulberry Avenue, Cedarburg, Wisconsin 53012, and are the parents of Adam Kuborn and provided for his support, education, health care, recovery and well-being at all times relevant to this action.

6. Defendant City of Oshkosh is a municipal corporation and political subdivision of the State of Wisconsin, duly organized and operating under the laws of the State, including Wis. Stat. Chapter 62, with its governmental offices located at 215 Church Avenue, Oshkosh, Wisconsin 54901. The City is liable pursuant to Wis. Stat. § 895.46, for the acts and for payment of any judgment entered against the police chief and individual police officers named in this action, because said defendants were acting within the scope of their employment at the time they committed the acts causing the life-threatening injuries and damages to Adam Kuborn.

7. Defendant City of Oshkosh Police Department is a department with the City of Oshkosh, which is located at 420 Jackson Street, Oshkosh, Wisconsin 54902.

8. Defendant Dean Smith is the Chief of Police of the City of Oshkosh Police Department, which is located at 420 Jackson Street, Oshkosh, Wisconsin 54902. Chief Smith is an official of the City of Oshkosh duly authorized and empowered under Wis. Stat. § 62.09(13), and at all times relevant hereto, was the commanding officer of the City of Oshkosh Police Department and of defendant Officers Scott Sopata, Benjamin Boese, Andrew Lecker and the John Doe officers of that Department. As such, Chief Smith was responsible for the training, supervision and conduct of his subordinate officers and was responsible for ensuring that all Police Department personnel obey the laws and Constitutions of the State of Wisconsin and the United States. His actions are and were, at all times material to this lawsuit, the actions of both the City of Oshkosh and the Police Department thereof, and reflected the custom, policy and procedures of those defendants. Chief Smith is sued individually and in his official capacity.

9.      Defendant Scott Sopata is a City of Oshkosh Police Officer who was, at all times pertinent and material to this lawsuit, employed by the City of Oshkosh and its Police Department, located at 420 Jackson Street, Oshkosh, Wisconsin 54902. On information and belief, Officer Sopata was acting in such capacity, within the scope of his employment as an officer, agent, servant and employee of the Police Department, at the time Adam Kuborn suffered life-threatening injuries. He is sued individually and in his official capacity.

10.     Defendant Benjamin Boese is a City of Oshkosh Police Officer who was, at all times pertinent and material to this lawsuit, employed by the City of Oshkosh and its Police Department, located at 420 Jackson Street, Oshkosh, Wisconsin 54902. On information and belief, Officer Boese was acting in such capacity, within the scope of his employment as an officer, agent, servant and employee of the Police Department, at the time Adam Kuborn suffered life-threatening injuries. He is sued individually and in his official capacity.

11.     Defendant Andrew Lecker is a City of Oshkosh Police Officer who was, at all times pertinent and material to this lawsuit, employed by the City of Oshkosh and its Police Department, located at 420 Jackson Street, Oshkosh, Wisconsin 54902. On information and belief, Officer Lecker was acting in such capacity, within the scope of his employment as an officer, agent, servant and employee of the Police Department, at the time Adam Kuborn suffered life-threatening injuries. He is sued individually and in his official capacity.

12. Defendants John Doe Police Officers were employed by the City of Oshkosh and its Police Department, located at 420 Jackson Street, Oshkosh, Wisconsin 54902 at all times material to this lawsuit. On information and belief, they were acting in such capacity, within the scope of their employment as an officer, agent, servant and employee of the Police Department at the time Kuborn suffered life-threatening injuries. They are sued individually and in their official capacity.

13. Defendant Winnebago County is a political subdivision of the State of Wisconsin, duly organized and operating under the laws of the State, including Wis. Stat. Chapter 59, with its governmental offices located at 112 Otter Avenue, Oshkosh, Wisconsin 54901. The County is liable pursuant to Wis. Stat. § 895.46, for the acts and for payment of any judgment entered against the Sheriff and individual deputies and jail personnel named and yet to be named in this action, because said defendants were acting within the scope of their employment at the time they committed, omitted or failed to act to identify, properly address and provide treatment to Adam Kuborn, while he was in their custody, for the life-threatening injuries and damages that had been inflicted on him.

14. Defendant Winnebago County Sheriff's Office is a department of Winnebago County located at 4311 Jackson Street, Oshkosh, Wisconsin 54901.

15. Defendant John Matz is the Sheriff of Winnebago County, Wisconsin, and the Sheriff's Office is located at 4311 Jackson Street, Oshkosh, Wisconsin 54901. Sheriff Matz is an official of Winnebago County duly authorized and empowered under Wis. Stat. §§ 59.26 and 59.27. At all times relevant hereto, Matz was the commanding officer

of the Winnebago County Sheriff's Office and the County Jail. Matz was responsible for the training, supervision and conduct of his subordinate officers and of jail personnel and operations, and was responsible for ensuring that all Sheriff's Office and jail personnel obey the laws and Constitutions of the State of Wisconsin and the United States. His actions are and were at all times material to this lawsuit the actions of both Winnebago County and the Sheriff's Office, and reflected the custom, policy and procedures of these defendants. Sheriff Matz is sued individually and in his official capacity.

16. Defendants Jane Doe Deputies and Jail Personnel were employed by the Sheriff's Office and Winnebago County at said time. On information and belief, they were acting within the scope of their employment as an officer, agent, servant and employee of the Sheriff's Office on the date Kuborn suffered life-threatening injuries and was conveyed to the County Jail and held there without necessary medical examination, evaluation and care. They are sued individually and in their official capacity.

## FACTS COMMON TO ALL CLAIMS

17. Plaintiffs reallege paragraph nos. 1 through 16 of this complaint as though fully set forth herein.

18. During the late evening of October 10, 2015, Adam Kuborn was walking in the vicinity of Wisconsin Street south of West Irving Avenue in the City of Oshkosh with a female friend, when they stopped to rest on the sidewalk near the front yard around 650 Wisconsin Street.

19. On information and belief, at approximately the same time on October 10, 2015, City of Oshkosh Police Officer Scott Sopata and/or others were actively engaged in

trying to apprehend a male suspect suspected of resisting/obstructing an officer and marijuana possession. This suspect was not Adam Kuborn and Kuborn did not match the suspect's description.

20. On information and belief, City of Oshkosh Police Officers were engaged in trying to apprehend this suspect, including, but not limited to, Officer Sopata, Officer Benjamin Boese and Officer Andrew Lecker. The suspect they were looking for was later apprehended by other law enforcement officers.

21. While Adam Kuborn and his female friend were resting on the public sidewalk in the 600 block of Wisconsin Street, Officer Sopata drove up in his squad car.

22. Adam Kuborn and his friend were not doing anything illegal or suspicious at the time Officer Sopata came up in his squad car. Sopata did not see Kuborn or his friend commit any crime. Sopata did not have a reasonable suspicion that Adam Kuborn had committed or was about to commit a crime, or that he might be armed or presently dangerous.

23. Officer Sopata activated his patrol car lights, stopped and exited his vehicle and approached Adam Kuborn on foot. Sopata did not have information that identified Adam Kuborn as being a suspect of any violation of criminal laws.

24. As Officer Sopata approached them, Adam Kuborn and his friend got up and began to walk away, each in a different direction.

25. Officer Sopata pursued Adam Kuborn on foot in the block encompassing the east side of Wisconsin Street between West Irving Avenue to the north and Amherst Avenue to the south.

26. On information and belief, Officers Boese and Lecker were on foot patrol in the area and joined in Officer Sopata's pursuit of Adam Kuborn.

27. As with Officers Sopata, Boese and Lecker did not see Kuborn commit any crime and did not have a reasonable suspicion that he had committed or was about to commit a crime, or that he might be armed or presently dangerous. Adam Kuborn had not been involved in any criminal activity, was not armed and did not pose a threat to anyone.

28. Like Officer Sopata, Officers Boese and Lecker did not have information that identified Kuborn as a person suspected of violating the law.

29. On information and belief, Officer Boese and/or other defendant police officers in conjunction with him, who were in pursuit of Adam Kuborn, at some point grabbed and ripped Kuborn's clothing, spun him around, tackled, slammed and pinned him to the ground, pushing him into the pavement. At least one of the officers put much of his weight onto Kuborn and forcefully kneed him in the back as he lay on the pavement on Amherst Avenue, just east of Wisconsin Street.

30. The officers who utilized undue, unnecessary and excessive physical force to a person not suspected of any crime, which caused Adam Kuborn to suffer severe, life-threatening physical injuries.

31. On information and belief, Officer Boese and at least one other defendant police officer continued to utilize undue, unnecessary and excessive physical force by restraining, holding, pinning and pushing Adam Kuborn down into the pavement, using

direct physical pressure, force and contact him, and those actions caused him to suffer injuries, pain and great bodily harm.

32. Adam Kuborn called out to the officers to stop, stating that they were hurting him, as he experienced great pain in his flank and rib cage area because of the police officers' continuing use of undue, unnecessary and excessive physical force.

33. As a result of the officers' actions, Adam Kuborn suffered a large abrasion to his left upper abdomen and left front rib cage area, head injuries, including bruising, and very serious internal injuries. Upon information and belief, the chase, take-down and infliction of injuries upon Adam Kuborn may have been photographed by law enforcement officers or might have been recorded on the officers' collar cameras or squad cameras, as well as in recordings and photographs at the County Jail.

34. Adam Kuborn was handcuffed and placed in the back seat of a squad car. While in the back seat, he told the officer who was driving that he was injured and his ribs might be broken. The officer refuted and ignored Kuborn's claim and request for medical assistance, stating that he would know if Kuborn was hurt, and he did not take Kuborn to a local hospital or medical facility for an examination.

35. Adam Kuborn was transported to the Winnebago County Jail, where he was held for some time without being given a proper evaluation or examination to determine his injuries and medical needs.

36. While Adam Kuborn was in the County Jail, photographs and video recordings taken of him, show abdominal bruising and he appeared dazed and quite lethargic.

10

37. During the time Adam Kuborn was in the custody and control of defendants, he complained of pain, which was evidenced by the difficulty Kuborn had removing his socks as he was commanded to do. He was not taken to or examined by a nurse, an EMT or other health care professional while he was detained at the County Jail, and he was not provided with any medical care.

38. While he was in custody at the Winnebago County Jail, Adam Kuborn began to urinate blood and expel blood-tinged vomit; however, no medical care was provided to him, despite these symptoms of internal injury and bleeding.

39. After Adam Kuborn was released from the Winnebago County Jail to his friend, she contacted his parents, Joseph and Nancy Kuborn, and they quickly drove to the hospital in Oshkosh.

40. Joseph and Nancy Kubron subsequently had their son Adam admitted to the Emergency Department of Aurora Medical Center-Oshkosh.

41. While examining and treating Adam Kuborn at Aurora Medical Center-Oshkosh, the emergency treating physician determined that the severity of the injuries Adam Kuborn suffered exceeded the treatment capabilities of Aurora Medical Center-Oshkosh, and that he would need to be transferred immediately to a trauma hospital that could handle the life-threatening injuries that had been inflicted on him and not treated by the defendants.

42. After discussions and consultation between Aurora Medical Center-Oshkosh and St. Luke's Medical Center, a trauma hospital in Milwaukee, it was determined that the severity of Adam Kuborn's internal injuries exceeded the capabilities

11

of St. Luke's and that he needed to be immediately transferred to Froedtert Hospital in Milwaukee, a Level I Trauma Center.

43. In the early morning hours of October 11, 2015, Adam Kuborn was flown by a Flight for Life helicopter from Aurora Medical Center-Oshkosh to Froedtert Hospital. He was in critical and grave medical condition, suffering severe pain due to the extensive internal injuries directly caused by the undue, unnecessary and excessive use of force inflicted on him by the defendant law enforcement officers.

44. The Level I Trauma Center team and specialists at Froedtert confirmed Aurora's preliminary diagnosis that Adam Kuborn suffered a shattered left kidney Grade 5 injury, with active urine extravasation, a large left retroperinephric hematoma and capsular Grade 1 laceration of the inferior pole of his spleen. He also suffered large abrasions to his left upper abdomen and left front rib cage area, an obvious frontal abrasion to his head and a blackened eye.

45. As a result of the Grade 5 acute kidney injury and spleen laceration, both of which were the direct result from the grave bodily harm caused by defendant police officers, Adam Kuborn was hospitalized at Froedtert Hospital in the Surgical Intensive Care Unit (SICU) from October 11 until the evening of October 16, and was readmitted to Froedtert Hospital from November 12 until November 14 for complications arising from these injuries.

46. Kuborn was catherized and required to have a urinary catheter after being discharged from the hospital on October 16. He had to wear the catheter and collection

bag continuously for many weeks, which was painful, debilitating and traumatic as he tried to return to attending classes at the University of Wisconsin.

47. As a direct result of the Grade 5 acute kidney injury, Kuborn suffered a substantial urinary disability and pain for well over a year, and continues to suffer symptoms because of that serious injury. He will have a permanent reduction in the function of the left kidney, which will lead to life-long complications, increased risk of needing renal replacement, increased life-long risk of infection, high blood pressure, physical limitations, certain disability and diminished urinary function, increased medical expenses and reduced quality of life.

48. As a direct result of the Grade 5 acute kidney injury, Adam Kuborn could not play the usual sports he had engaged in for more than six months following his recovery, and his doctors have prohibited him from playing the contact sports he engaged in previously because, if he injured his kidney, he would risk being on dialysis for the rest of his life and/or need a transplant.

49. As a direct result of the Grade 5 acute kidney injury, Adam Kuborn is at a significantly increased risk for future morbidity and mortality, as studies documenting the long-term effects of acute kidney injury are indicating.

## COUNT 1

### Deprivation of Federal Constitutional Rights
### (42 U.S.C. sec. 1983)

50. Plaintiffs reallege paragraph nos. 1 through 49 of this complaint as though fully set forth herein.

13

51. Officers Sopata, Boese and Lecker and the John Doe police officers did not have probable cause to seize, detain and arrest Adam Kuborn. The Fourth Amendment to the United States Constitution prohibits unreasonable seizures and detentions of persons in the absence of a warrant or probable cause.

52. Officers Sopata, Boese and Lecker and the John Doe police officers did not have reasonable suspicion or other legal grounds to pursue, stop, seize and arrest Adam Kuborn, and had no reasonable or legal basis to use significant, excessive force to stop and immobilize him in the manner that they did.

53. Officers Sopata, Boese and Lecker and the John Doe police officers had no legal justification or sufficient evidence to justify the great intrusion on Kuborn's liberty and no justification for the amount of force used, when no crime was suspected or was being committed by Kuborn.

54. At no time during the incident described herein did Kuborn use any force against the defendant City police officers or anyone else, nor did he do anything that would have provided the officers with a legal basis to use force against him.

55. At no time during the incident described herein did Kuborn commit any offense in violation of the laws of the State of Wisconsin or the United States.

56. Kuborn was subjected to a seizure within the meaning of the Fourth Amendment through the application of force by Officers Sopata, Boese and Lecker and Other Yet to be Named police officers.

57. The force that was used against Kuborn was excessive, particularly given the fact that Kuborn was not committing any crime and did not pose an immediate or

14

any threat whatsoever to the safety of the officers, when the defendant police officers unnecessarily exposed him to danger during the seizure and arrest, in violation of his substantive due process rights and Fourth Amendment rights.

58. There was no legal cause to justify the stop, seizure, detention and/or arrest of the plaintiff Kuborn.

59. There was no legal cause to justify the use of force against Kuborn, and the force used against him was unreasonable and excessive. The force that was used, as well as the manner and technique leading up to such use of force, given the totality of the circumstances, was not reasonable under Wisconsin state law or the Fourth Amendment.

60. Officers Sopata, Boese and Lecker and the John Doe police officers did not use alternative lesser-intrusive methods of capturing or immobilizing Kuborn, which were known, available and should have been utilized, according to their training, applicable standards of police practice and the Fourth Amendment.

61. At all times relevant to this complaint, the conduct of the City and County defendants was willful, reckless and in disregard of plaintiff Kuborn's rights under federal and state law.

62. As a direct and proximate result of defendants' intentional, willful, reckless actions in disregard of Kuborn's Fourth, Fifth and Fourteenth Amendment rights, Kuborn suffered severe and life-threatening physical injuries, significant pain and suffering, severe emotional distress, psychological injury, anguish, humiliation and embarrassment, past and future disability and disfigurement, interruption of and delay in his university education, significant limitations on his future physical and recreational

15

activities, and incurred significant past medical expenses. Kuborn also faces increased future risk of morbidity and mortality, which will result in future medical expenses, disability and limitations on activities, among other damages and financial losses.

63. As a direct and proximate result of defendants' intentional, willful, reckless and callous disregard of Kuborn's Fourth, Fifth, Eighth and Fourteenth Amendment rights, and not providing him with a prompt medical assessment of his injuries, access to a health care provider and early and appropriate medical care, Kuborn's injuries and damages as described in the preceding paragraph were significantly and unnecessarily exacerbated, causing him physical and psychological harm, pain, suffering, disability and other physical limitations, some or all of which may be permanent, and financial losses.

64. As a direct and proximate result of defendants' intentional, willful, reckless and callous disregard of Kuborn's Fourth, Fifth, Eighth and Fourteenth Amendment rights, plaintiffs Joseph and Nancy Kuborn suffered significant severe emotional distress and trauma in the immediate aftermath of the excessive use of force by the defendant police officers, and have sustained the loss of the aid, society, comfort and companionship of their son, Adam Kuborn, and may be further deprived of same in the future as a result of his injuries.

65. As a direct and proximate result of defendants' actions, Joseph and Nancy Kuborn have also incurred significant past financial losses, medical expenses and legal fees, and may incur future medical expenses as a result of the injuries and damages inflicted on their son Adam.

16

Case 1:18-cv-01600-WCG   Filed 10/10/18   Page 16 of 20   Document 1

66. Defendants' actions violated Adam Kuborn's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unlawful arrest, seizure, the unlawful use of force, wrongful detention, not to be subjected to cruel and unusual punishment or be denied necessary medical care.

67. As a direct result of defendants' conduct, plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT 2

### Deprivation of Federal Constitutional Rights
### *Monell* Claims against City and County

68. Plaintiffs reallege paragraph nos. 1 through 67 of this complaint as though fully set forth herein.

69. The violations of Adam Kuborn's constitutional rights under the Fourth, Fifth, Eighth and Fourteeenth Amendments to the United States Constitution resulting in his injuries and damages were directly and proximately caused by the actions and/or inactions of defendants City of Oshkosh, City of Oshkosh Police Department, Winnebago County and Winnebago County Sheriff's Office, which have encouraged, tolerated, ratified, and/or has been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Legal cause to chase, stop, seize, detain, arrest and take into custody a citizen;
   b. The use of force by police officers;
   c. The proper exercise of police powers, including but not limited to using force and the limits to such to stop, seize and immobilize a citizen who has not committed any crime;

- d. The monitoring and proper supervision of police officers and jail personnel to ensure that excessive use of force and denial of necessary medical treatment to persons held in custody does not occur;
- e. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;
- f. The failure of police officers to use alternative means of stopping persons being chased, when those persons are not suspected of a serious crime and do not pose a threat to police officers' or others' safety;
- g. The failure of police officers, sheriff's deputies and jail personnel to follow established policies, procedures, directives and instructions regarding arrests, seizures, the use of force and promptly assessing and providing needed medical care, under such circumstances as presented by this case.

70. As a direct result of these actions plaintiffs have suffered damages in a amount to be determined at trial.

## COUNT 3

**State Law Claims against City and County Defendants**

71. Plaintiffs reallege paragraph nos. 1 through 70 of this complaint as though fully set forth herein.

72. Plaintiffs have timely filed and served a notice of injury and subsequently, a notice of claim with the City and County defendants, pursuant to Wis. Stat. § 893.80. Plaintiffs' notice of claim is currently under consideration by the City and County defendants, and if a notice of denial is ultimately made, these pendent state tort claims are preserved and may be proceeded upon by the filing of this Complaint.

73. Defendants' acts and conduct heretofore alleged constitute the torts of assault, battery: excessive use of force in arrest, false arrest: without warrant or probable

18

cause, false imprisonment, negligent infliction of severe emotional distress, and the intentional, willful or negligent disregard of the statutory duty to provide medical care and treatment, and where appropriate, hospital care to a person in the custody of the defendants who is injured under Wis. Stat. § 302.38.

**NOW, WHEREFORE**, Plaintiffs Adam Kuborn and Joseph and Nancy Kuborn seek and respectfully request the following relief:

A. Compensatory damages against all defendants;

B. Punitive damages as to the individual City defendants who used excessive force causing life-threatening injuries to Adam Kuborn, and to the individual City and County defendants (named and yet to be named) who did not provide medical and hospital care to Kuborn while he was in their custody;

C. Reasonable attorneys' fees and costs;

D. Such other and further relief as may appear just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

Dated this 10th day of October, 2018.

                                    GIMBEL, REILLY, GUERIN & BROWN LLP

                                    By:
                                        /s/Raymond M. Dall'Osto
                                        RAYMOND M. DALL'OSTO
                                        State Bar No. 1017569
                                        dallosto@grgblaw.com
                                  Attorneys for Plaintiffs Adam Kuborn, and
                                         Joseph and Nancy Kuborn

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
Fax: 414/271-7680

*civl/kuborn/federal complaint 2018-10*